IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL EFFINGER, #01730017 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv834 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ORDER AND OPINION**

*Pro se* Petitioner Michael Effinger filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). On December 4, 2017, United States Magistrate Judge Kimberly C. Priest Johnson issued an Order requiring Petitioner to show cause as to why his petition should not be dismissed as either time-barred or premature. *See* Dkt. #3. Subsequently, on December 15, 2017, Petitioner filed a response to the Order. Dkt. #5. On April 9, 2018, the Magistrate Judge issued a Report and Recommendation, recommending the petition be dismissed. *See* Dkt. #6. On April 25, 2018, however, Petitioner filed a "Special Request" (Dkt. #8). In his "Special Request," Petitioner states he wishes to withdraw his § 2254 petition because he now understands his § 2254 petition to be "erroneous and premature[.]" *See* Dkt. #8 at 1.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)(1)(A), providing, in pertinent part, "the [petitioner] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required. *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a petitioner has moved to dismiss under Rule

41(a)(1)(A)(i), the case is effectively terminated; the court has no power or discretion to deny petitioner's right to dismiss or to attach any condition or burden to that right. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976); *In re Amerijet Int'l, Inc.,* 785 F.3d at 973; *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (plaintiff has absolute right to dismiss his complaint under Rule 41(a) prior to the filing of an answer or motion for summary judgment); *Ragsdale v. Classroom Teachers of Dallas, et. al.,* 2006 WL 3392192 (N.D. Tex. Nov. 15, 2006).

Further, the right to dismiss under Rule 41(a)(1)(A)(i) is not extinguished by the reference of an action to a Magistrate Judge, even when the Magistrate Judge has previously recommended dismissal of the case at the time a petitioner seeks to voluntarily dismiss. *See Foss v. Federal Int'l Credit Bank of St. Paul,* 808 F.2d 657 (8th Cir. 1986) (notice of dismissal effective even though Magistrate Judge issued a recommendation that the complaint lacked merit and should be dismissed); *Cooney v. William Robinson Dairy, Inc.,* 744 F. Supp. 841 (N.D. Ill. 1990) (permitting voluntary dismissal without prejudice although Magistrate Judge had already recommended a dismissal on the merits); *Matthews v. City of Tyler, Texas, et. al.,* 2016 WL 633943 (E.D. Tex. February 17, 2016) (finding request for voluntary dismissal should be granted even where Magistrate Judge has previously issued a report recommending dismissal); *Goodman v. Nationstar Mortgage, LLC,* 2015 WL 845724 (M.D. Tenn. Feb. 26, 2015) (finding right to dismiss not extinguished by Magistrate Judge's recommendation to dismiss on merits); *Cribbs v. Case*, 2012 WL 4356776 (W.D. Mich. Sept. 24, 2012) (declining to consider Magistrate Judge's recommendation to dismiss on merits where notice of voluntary dismissal filed).

In the present case, Respondents have not filed an answer; thus, Petitioner is entitled to the voluntary dismissal of the lawsuit without prejudice. Petitioner's petition was dismissed the moment the notice (Dkt. #8) was filed with the clerk. Moreover, after a notice of voluntary

dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.*, 785 F.3d at 973. Accordingly, it is,

**ORDERED** Plaintiff's "Special Request" (Dkt. #8) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). All motions by any party not previously ruled upon are **DENIED**.

**SIGNED this the 19th day of June, 2018.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE